1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS YEUNG,

11              Plaintiff,              No. CIV S-10-0735 GGH P

12        vs.

13   RICHARD IVES,

14              Defendant.              ORDER

15   _____/

16        Plaintiff is a federal prisoner proceeding pro se and in forma pauperis.  He seeks

17   relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403

18   U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal

19   actors.  Plaintiff's original complaint was dismissed with leave to amend and plaintiff has timely

20   filed an amended complaint.

21        The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The complaint states a colorable claim for relief against defendant Dr. Gulani, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

\\\\\

1    Plaintiff also names three other defendants.  Plaintiff states that defendant Causey

2  is his case manger and was supposed to help plaintiff with his medical needs, but did not work

3  sufficiently to solve his problems.  Plaintiff alleges that defendant Bautista, a physician assistant,

4  examined plaintiff after a blackout but failed to prevent more blackout spells.  Plaintiff has failed

5  to set forth sufficient facts regarding these defendants and any Eighth Amendment violation.

6  Plaintiff also accuses Warden Ives of denying plaintiff's administrative remedies.  Claims against

7  these defendants are dismissed with leave to amend to file a second amended complaint within

8  twenty-eight days of service of this order.

9    In order to state a claim for violation of the Eighth Amendment based on

10  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

11  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

12  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

13  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

14  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

15  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

16  (1992).

17    A serious medical need exists if the failure to treat a prisoner's condition could

18  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

19  that a prisoner has a serious need for medical treatment are the following:  the existence of an

20  injury that a reasonable doctor or patient would find important and worthy of comment or

21  treatment; the presence of a medical condition that significantly affects an individual's daily

22  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

23  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

24  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

25  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

26  \\\\\

In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  <u>Id</u>. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  <u>Id</u>. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware.  <u>Id</u>. at 838-842.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id</u>. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Id</u>. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  <u>Id</u>. at 842.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  <u>Id</u>. at 840-42.  However, obviousness per se will not impart knowledge as a matter of law.

Furthermore, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  <u>Mann v. Adams</u>, 855 F.2d at 640.  <u>See</u> <u>also</u>, <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir. 1991); <u>Azeez v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  <u>Buckley</u>, <u>supra</u>.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

3   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4   how each named defendant is involved.  There can be no liability under unless there is some

5   affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo</u>

6   <u>v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

7   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8   allegations of official participation in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board</u>

9   <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12   complaint be complete in itself without reference to any prior pleading.  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

14   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's claims against Causey, Bautista and Ives are dismissed for the

19   reasons discussed above, with leave to file a second amended complaint within twenty-eight days

20   from the date of service of this order.  Failure to file a second amended complaint will result in a

21   recommendation that these defendants be dismissed from this action.

22    2.  Upon filing an amended complaint or expiration of the time allowed therefor,

23   the court will make further orders for service of process upon some or all of the defendants.

24   DATED: August 3, 2010

     /s/ Gregory G. Hollows
25   _____

     UNITED STATES MAGISTRATE JUDGE
26   GGH: AB - yeun0735.b1